UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61496-CIV-DAMIAN

ADRIAN RODRIGUEZ-SANTANA,

     Petitioner,

v.

CYNTHIA SWAIN, *et al.*,

     Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court on Petitioner, Adrian Rodriguez-Santan's ("Petitioner"), Petition for Writ of Habeas Corpus [ECF No. 1] (the "Petition"), filed on May 19, 2026. On May 22, 2026, this Court entered an Order to Show Cause [ECF No. 6]. On June 1, 2026, Respondents filed a Response to Order to Show Cause [ECF No. 7 ("Response")]. Petitioner filed a Reply on June 4, 2026 [ECF No. 8 ("Reply")].

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.    BACKGROUND

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued immigration detention. *See* Pet. Petitioner seeks release from custody or, alternatively, an individualized bond hearing before an immigration judge. *Id*. at 9.

Petitioner, a physician who served in Venezuela in an administrative and medical capacity, is a native and citizen of Cuba. He entered the United States without inspection on

approximately December 21, 2022, near Del Rio, Texas. He was released on parole with conditions, and no Notice to Appear ("NTA") was issued. [ECF No. 7-1].

On June 9, 2025, as part of a joint FBI and ICE operation targeting individuals suspected of affiliation with Cuba's military or security apparatus, DHS Officers detained Petitioner as he was getting into a vehicle parked outside his home. [ECF No. 7-3]. Petitioner alleges that prior to his detention in June 2025, he resided with his lawful permanent resident partner, U.S. citizen child, maintained steady employment, and filed an application for adjustment of status under thew Cuban Adjustment Act, for which he may be eligible. *See* Pet. ¶ 7. Respondents admit that when he was arrested, Petitioner had no criminal history and was the beneficiary of a pending asylum application. *Id.* Petitioner has been detained for approximately one year.

On June 11, 2025, immigration officials issued an NTA to Petitioner, commencing removal proceedings under section 240 of the Immigration and Nationality Act ("INA"). [ECF No. 7-7]. On July 24, 2025, Petitioner was afforded a bond hearing, but the Immigration Judge denied bond in part on procedural grounds (*i.e.*, the material change in circumstances bar under 8 C.F.R. § 1003.19(e)) and in part relying on a then-binding Board of Immigration Appeals decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), interpreting Sections 1225(b) and 1226(a) of the INA. *See* ECF No. 7-10.

On October 3, 2025, an Immigration Judge ordered Petitioner removed to Cuba but granted Petitioner withholding of removal and protection under the Convention Against Torture. [ECF No. 7-8 ¶ 21]. Respondents appealed that ruling and the appeal is pending before the Board of Immigration Appeals ("BIA").

In the Petition, Petitioner argues that his continued detention violates the Due Process Clause because he is being detained indefinitely despite the INA entitling him to an individualized bond hearing. Acknowledging the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden*, Respondents do not argue that Petitioner's detention is mandatory under the INA or that they are entitled to detain him indefinitely without an individualized bond hearing. 175 F. 4th 1258 (11th Cir. 2026) (holding that those detained within the nation's interior are not "applicants for admission" and are entitled to bond hearings under § 1226(a)).

Instead, Respondents argue only that Petitioner has failed to exhaust his administrative remedies by not asking for another bond redetermination hearing and pursuing appeal to the BIA. In the Reply, Petitioner brings up the inherent contradiction that on one hand, Respondents have charged Petitioner under the allegation that he was not admitted or paroled, while the record evidence they submitted shows that he was in fact paroled into the United States. And as for administrative exhaustion, Petitioner cannot ask the Immigration Judge for a new custody determination because his prior bond denial is on appeal with the BIA, so the Immigration Judge does not have jurisdiction to hear a bond matter.  The Petition is ripe for adjudication.

## II.    LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.

3

*See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[1] and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.).

More recently, the Eleventh Circuit held that noncitizens who entered the United States without inspection but were later apprehended in the interior of the country are not categorically subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Hernandez Alvarez*, 145 F.4th at 1276-81. In concluding that such individuals are generally detained pursuant to 8 U.S.C. § 1226(a), the court explained that § 1225(b)(2)(A) applies only to noncitizens who are "seeking admission," meaning those actively pursuing lawful entry after inspection and authorization by an immigration officer. *Id*. The court reasoned that mere physical presence in the United States without prior admission does not itself render a

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

noncitizen "seeking admission" within the meaning of the statute. *Id.* Accordingly, the court affirmed the grant of habeas relief and held that in that case the petitioners were entitled to individualized bond hearings under § 1226(a). *Id.* Here, the charging document Respondents attached to their Response confirms that Petitioner is not "an arriving alien," but is instead "an alien present in the United States who has not been admitted or paroled." *See* ECF No. 7-7. Thus, in light of the fact that the Petitioner is similarly situated with the petitioners in *Hernandez Alvarez*, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

This Court acknowledges Respondents' argument that, theoretically, the Immigration Courts and BIA *should* start following *Hernandez Alvarez* and providing individualized bond hearings to every detainee in this Circuit that is currently being detained under the previous BIA precedent in *Yajure Hurtado*. *See* Resp. at 6. If the Respondents had assented to an

individualized bond hearing in accordance with *Hernandez Alvarez* when the Petition was initially filed, then Respondents' argument would hold more water and this case (and every similar case overloading federal dockets nationwide) would be rendered moot. Notably, Respondents do not provide any statutory basis for Petitioner to remain detained—the sole argument against habeas relief is the failure to exhaust.

In the instant case, the record reflects that the Respondents have not modified the administrative process to adhere to the Eleventh Circuit's decision *Hernandez Alvarez* despite the fact that this case presents a circumstance where the holding obviously applies. Therefore, it does appear that there was and is "no genuine opportunity for adequate relief" and "an administrative appeal would be futile" for Petitioner. *See Linfors*, 673 F.2d at 334.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **June 16, 2026**. It is further

**ORDERED** that on or before **June 26, 2026**, the Parties shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and

must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 8th day of June, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**